| | |
|---|---|
| KAREN NITTOLI and HARRY SEALS, | UNITED STATES DISTRICT COURT |
| Plaintiffs, | DISTRICT OF NEW JERSEY |
| v. | Hon. Madeline Cox Arleo |
| MORRIS COUNTY BOARD OF CHOSEN FREEHOLDERS; and in their official and individual capacities, JOSEPHINE DEVINE; PAUL KALLEBERG; JEFFREY PAUL; and MICHAEL RUBBINACCIO, jointly and severally, | Civil Action No. 05-4007 (JAG) |
| | **REPORT & RECOMMENDATION** |
| Defendants. | |

Plaintiffs Karen Nittoli and Harry Seals ("Plaintiffs") seek to remand this case to the Superior Court of New Jersey, Law Division, Morris County, pursuant to 28 U.S.C. § 1446(b).  Defendants Morris County Board of Chosen Freeholders, and in their individual capacities, Josephine Devine, Paul Kalleberg, Jeffrey Paul, and Michael Rubbinaccio (collectively "Defendants") oppose the motion to remand.  The sole issue here is whether Defendants timely filed a Notice of Removal.

Plaintiffs argue that service upon the first defendant, in a multiple defendant case, should trigger the thirty-day time limit for removal.  Defendants, on the other hand, argue that the time for a filing a Notice should not run until thirty (30) days after service upon the last served defendant.  On November 15, 2005, the Honorable Joseph A. Greenaway, Jr., U.S.D.J. referred to me Plaintiff's Motion to Remand for Report and Recommendation.  For the following reasons, the motion to remand is denied.

**I.   FACTUAL BACKGROUND**

On June 22, 2005, Plaintiffs instituted this action in state court alleging, <u>inter alia</u>, violations of their constitutional rights with respect to their employment pursuant to 42 U.S.C. §1983. (Complaint, Ct. 10). Defendant Michael Rubbinaccio was served with the Summons and Complaint on July 22, 2005. Defendant Board of Freeholders was served on July 21, 2005. Defendant Joseph Devine was served on July 22, 2005. Counsel for Defendant Paul Kalleberg accepted service on July 12, 2005. Defendant Jeffrey Paul was served on July 22, 2005. (Dalal Cert.).

On August 15, 2005, Defendants filed the Notice of Removal with the Clerk of the Court. All Defendants consented to the Notice of Removal. (Notice of Removal ¶ 5).

**II.   DISCUSSION**

It is well settled that a defendant may remove a civil case from state court to federal court where, as here, there is a federal question. For removal to be proper, the procedural requirements of the statute must be met and the removal must be timely. The notice of removal "shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" or, in some cases, the summons. 28 U.S.C. § 1446(b). All defendants must join in the Notice of Removal. <u>Orlick v. J.D. Carton & Son, Inc.</u>, 144 F. Supp. 2d 377 (D.N.J. 2001).

Where a case involves multiple defendants there is a split of authority as to when the thirty-day time limit for removal begins to run. A number of courts adhere to the "first-served defendant rule," which holds that the thirty-day period begins to run from the date the first defendant is served. <u>See</u>, <u>e.g.</u> <u>Biggs Corp. v. Wilen</u>, 97 F. Supp. 2d 1040 (D. Nev. 2000). The Fifth Circuit Court of Appeals has also embraced this rule. <u>See</u>, <u>e.g.</u> <u>Doe v. Kirwood</u>, 969 F. 2d 165 (5th Cir. 1992).

On the other hand, a number of courts have adopted the "latest-served defendant rule," which

provides that the thirty-day period begins to run from the date the last defendant is served. This Rule has been adopted by many district courts and the Fourth and Sixth Circuit Courts of Appeal. See, e.g. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999), cert. denied 528 U.S. 1076, 120 S.Ct. 790, 145 L.Ed.2d 667 (2000); McKinney v. Bd. of Trustees of Mayland Cmty. Coll., 955 F.2d 924 (4th Cir. 1992).

While the Third Circuit has not squarely addressed the issue, Judge Greenaway adopted the last-served defendant rule in Orlick v. J.D. Carton & Son, Inc., 144 F. Supp. at 377. In Orlick, Judge Greenaway carefully reviewed the Supreme Court's decision in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 352-53, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), in which the Court clarified that the time for removal is triggered by simultaneous service of a summons and complaint upon a defendant. Judge Greenaway reasoned:

> In light of the Supreme Court's holding in Murphy Brothers, however, it is counterintuitive to maintain a 'first-served defendant rule' when the Supreme Court would not-consistent with Murphy Brothers–begin to run a later –served defendants' time to seek removal until that defendant received proper service of process. Indeed, the Third Circuit's opinion in Foster, appears to forecast the Supreme Court's decision in Murphy Brothers in this respect.

Id. at 343 (citing Foster v. Mutual Fire, Lien and Inland Insurance Company, 986 F.2d. 48, 53 (3d Cir. 1992)).

Plaintiffs attempt to distinguish Orlick on the ground that it involved corporate entities and the incident in the within case involved public entities. They suggest that since defendants are part of the same operating entity, they should be treated as one defendant for purposes of removal. However, there is nothing in Orlick to suggest that such a distinction warrants a different analysis here.

For the reasons set forth by Judge Greenaway in <u>Orlick</u>, the Court is satisfied that the "last served defendant" rule should be applied here.  Since Defendant Rubbinaccio removed this action to the United States District Court within thirty (30) days after service upon the last defendant, removal was proper.  Plaintiffs' motion to remand is therefore **DENIED**.

### III.    CONCLUSION

For the reasons set forth above, I recommend that Plaintiffs' Karen Nittoli and Harry Seals Motion to Remand for Defendants' failure to timely file a Notice of Removal be denied.

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

Dated:  January <u>23</u>, 2006

Orig.: Clerk of the Court
cc:    Hon. Joseph A. Greenaway, Jr., U.S.D.J.
       All Parties
       File